UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:22-CV-14040-AMC-CANNON/MAYNARD

FLORIDA FAIR HOUSING ALLIANCE, INC.,

    Plaintiff,

v.

PORTOFINO AT JENSEN BEACH, LLC
D/B/A PORTOFINO AT JENSEN BEACH,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT [DE #11]**

Defendant, PORTOFINO AT JENSEN BEACH, LLC D/B/A PORTOFINO AT JENSEN BEACH, ("Defendant"), by and through its undersigned counsel, hereby files this Motion to Dismiss the Second Amended Complaint [DE #11], filed by Plaintiff, FLORIDA FAIR HOUSING ALLIANCE, INC., ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), as follows:

**INTRODUCTION**

Plaintiff's Second Amended Complaint improperly asserts two causes of action - one for Violation of the Fair Housing Act and another for Violation of Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA"), against Defendant, the owner of a housing complex. Plaintiff alleges that on January 10, 2022, a "Field Tester" called Defendant and one of Defendant's agents/employees answered the telephone. The Field Tester asked Defendant's agent/employee whether Defendant accepted Section 8 payment vouchers. Defendant's agent/employee purportedly responded that it did not. This is the full extent of the facts/claim in the Complaint.

First, Plaintiff lacks standing under the Fair Housing Act to bring this claim. Second, Plaintiff's First Amended Complaint fails to state a cause of action for unlawful discrimination based upon any class protected by the Fair Housing Act. Further, the Complaint fails to state a

1

cause of action for disparate impact as the allegations concern a single contact with Defendant and its agent/employee and are thus insufficient to create a policy. Finally, the Complaint fails to state a cause of action under FDUTPA because Defendant was not participating in any trade or commerce and there are no actual damages, here.

### STANDARD PURSUANT TO FED. R. CIV. P. 12(b)(6)

Rule 12(b)(6) gives a party the right to move to dismiss a complaint "for failure to state a cause of action upon which relief may be granted." Fed. R. Civ. P. 12. While detailed "factual allegations" are not required, a complaint must be more than simply "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

### PLAINTIFF LACKS STANDING

Plaintiff has no standing in this case, as the Field Tester never made an offer to rent, and, therefore, was not a victim of discriminatory misrepresentation. The Field Tester did not suffer a cognizable injury under 42 U.S.C. §3604.

Pursuant to the Supreme Court's opinion in *Havens*, 42 U.S.C. §3604(a) requires a "bona fide offer" to rent or purchase in order for the protection of 42 U.S.C. §3604(a) to arise. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 363 (U.S. 1982). In this particular case, the Field Tester never made a bona fide offer to rent but rather simply made an inquiry about renting. *See*, Second Amended Complaint [DE #11], ¶19. Thus, Plaintiff lacks standing under 42 U.S.C. §3604(a).

Further, pursuant to 42 U.S.C. §3604(d), in order to prove standing a plaintiff must allege "that he was a victim of a discriminatory misrepresentation." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (U.S. 1982). Plaintiff is a corporation and so it is not eligible to receive Section 8 vouchers. Moreover, there is no allegation that the tester actually intended to rent property. Thus,

there is no allegation that Defendant denied housing to Plaintiff, the tester, or anyone else for that matter. Nor is there any allegation that Defendant made any misrepresentation of fact to anyone.

### PLAINTIFF CLAIMS DISCRIMINATION FROM A SINGLE PURPORTED CONTACT WITH DEFENDANT'S AGENT/EMPLOYEE

As stated above, Plaintiff's Complaint alleges violation of the Fair Housing Act 42 U.S.C. §3604(d). Plaintiff alleges that its Field Tester contacted the Defendant to test "for unlawful discriminatory housing practices." Second Amended Complaint [DE #11], ¶19. The tester called Defendant's agent/employee and allegedly asked "whether Defendant accepted Section 8 payment vouchers" to which Defendant's agent/employee purportedly responded that Defendant did not. Second Amended Complaint [DE #11], ¶19. Plaintiff never completed or asked to complete a rental application, however, Plaintiff claims that it somehow, inexplicably "had to divert scarce resources and time away from other projects and programs." Second Amended Complaint [DE #11], ¶29. Plaintiff does not allege that the Field Tester made Defendant's agent/employee aware of his or her race during the purported telephone conversation.

The Court in *Fountainbleau* found that in order for a case to be actionable for discrimination, a defendant's conduct must be more than one instance to give rise to an actionable practice. *United States v. Fountainbleau Apartments, LP*, 566 F.Supp.2d 726, 733 (E.D. Tenn. 2008). One telephone call without more, does not rise to the level of a practice or procedure, and, therefore, Plaintiff fails to allege a violation of 42 U.S.C. §3604(d).

### THE SECOND AMENDED COMPLAINT DOES NOT ALLEGE UNLAWFUL DISCRIMINATION BASED ON ANY CLASS PROTECTED BY THE FHA

Pursuant to the Fair Housing Act, it is unlawful for a housing provider to "refuse to negotiate for the … rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin." 42 U.S.C. §3604(a).

Plaintiff's claim for unlawful discrimination is based upon one single contact wherein the Field Tester was purportedly informed by Defendant's agent/employee that Defendant does not accept Section 8 waivers. Plaintiff's Field Tester did not disclose his or her race to Defendant.

An individual who uses Section 8 waivers is not a class of persons protected pursuant to the Fair Housing Act. *Evans v. UDR, Inc.*, 644 F.Supp. 2d 675, 691 (E.D. N.C. 2009). In order to sustain a claim pursuant to the Fair Housing Act, Plaintiff must assert factual allegations that a rejection of Section 8 waivers is a pretext for unlawful discrimination. Plaintiff's Second Amended Complaint contains no allegations that Defendant's agent/employee deviated from standard procedures to discriminate against Plaintiff's Field Tester on the basis of race.

A single telephonic interaction does not create a discriminatory policy by the Defendant. Plaintiff's Second Amended Complaint does not allege any facts that rental applicants of any race are not subject to the same Section 8 waiver acceptance standards, creating a pretext for discrimination based on a protected class. As such, Plaintiff has failed to state a cause of action for discriminatory treatment under the Fair Housing Act and the Complaint should be dismissed.

### COUNT II FAILS TO STATE A CAUSE OF ACTION FOR FDUTPA BECAUSE PLAINTIFF DOES NOT ALLEGE ACTUAL DAMAGES

Count II attempts to state a claim for violations under FDUTPA. However, the claim is bereft of any supporting facts and contains numerous conclusory statements without any predicate. A proper claim under FDUTPA must include the following three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See, City First Mortg. Corp. v. Barton*, 988 So. 2d 82 (Fla. 4th DCA 2008).

It is well-established Florida law that "[i]n the context of FDUTPA, 'actual damages' are defined as the difference in the market value of the product or service in the condition it was delivered and its market value in the condition in which it should have been delivered according

to the contract of the parties." *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d DCA 2010), *citing Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984) (internal quotations omitted). "This is because '[FDUTPA] is intended to protect a customer from unfair or deceptive acts or practices which diminish the value or worth of the goods and services purchased by the consumer.'" *Id at 180, citing Urling v. Helms Exterminators, Inc.,* 468 So. 2d 451, 454 (Fla. 1st DCA 1985). The Second Amended Complaint contains zero allegations regarding Plaintiff's purchase of any goods and/or services from Defendant. Accordingly, FDUTPA is completely inapplicable under these facts and circumstances.

Additionally, courts have specified that "under FDUTPA, the term 'actual damages' does not include special or consequential damages." *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d DCA 2010). *See also, Smith v. 2001 S. Dixie Highway, Inc.,* 872 So. 2d 992, 994 (Fla. 4th DCA 2004) (holding that "indirect and 'consequential'" damages were insufficient to recover under FDUTPA); *Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311 (Fla. 4th DCA 1998) (holding that FDUTPA "entitles a consumer to recover damages attributable to the diminished value of the goods or services received, but does not authorize recovery of consequential damages to other property attributable to the consumer's use of such goods or services"… and that "damages cannot be based on speculation or conjecture, but must be proven with certainty."); *Smith v. 2001 South Dixie Highway, Inc.,* 872 So. 2d 992 (Fla. 4th DCA 2004) (the court dismissed the complaint with prejudice where the damages sought were indirect and consequential because the damages requested did not pertain to a difference in market value); and *Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819, 824-825 (Fla. 4th DCA 2010) ("[p]roof of actual damages is necessary to sustain a FDUTPA claim…. [t]he statute does not allow the recovery of other damages, such as consequential damages.").

The First DCA case of *Urling v. Helms Exterminators, Inc.* provides a non-complex example of inappropriate damages under FDUTPA. In *Urling,* the homeowners sued after receiving a negligent inspection report which showed no termite damage. The Urlings proceeded to purchase the house based on the representations made in the inspection report. Ultimately, the Urlings sought to "recover as damages the cost of repairing extensive termite damage to the structure of the house they purchased." *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla 1st DCA 1985). The court in *Urling* ruled that "[s]ince the Urlings are not seeking recovery of the cost of the erroneous termite certificate but, rather, seek consequential damages, they have no recoverable damages under the act." *Id* at 454.

Here, Plaintiff alleges that its tester made one single phone call to Plaintiff and claims damages by way of an alleged diversion of its resources as a not-for-profit corporation. A plain reading of Plaintiff's claim for damages reveals that Plaintiff does not seek actual damages here.[1]

Plaintiff's Second Amended Complaint fails to allege the third element to state a cause of action for FDUTPA – actual damages. Accordingly, Plaintiff fails to state a cause of action in Count II of its Second Amended Complaint.

## COUNT II ALSO FAILS TO STATE A CAUSE OF ACTION FOR FDUTPA BECAUSE DEFENDANT IS NOT PARTICIPATING IN "TRADE OR COMMERCE"

FDUTPA applies only to "trade or commerce" which is defined in § 501.203(8) as follows:

> "Trade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing

---

[1] "Actual damages" constitute "[a]n amount awarded to a complainant to compensate for a **proven injury or loss**; damages that **repay actual losses**. DAMAGES, Black's Law Dictionary (11th ed. 2019). (emphasis added).

It is evident that Plaintiff seeks "consequential damages" which are "[l]osses that do not flow directly and immediately from an injurious act but that result indirectly from the act"… such as "business profits." *Id.*

of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity. § 501.203(8), Fla. Stat. (2021).

When Defendant's agent/employee answered the phone, Defendant was not within the ambit of participating in "trade or commerce."

## CONCLUSION

For the reasons stated herein, Defendant, PORTOFINO AT JENSEN BEACH, LLC D/B/A PORTOFINO AT JENSEN BEACH, respectfully requests this Honorable Court dismiss the Second Amended Complaint, with prejudice.

Respectfully submitted,

*/s/ Andrew J. Marchese*
**ANDREW J. MARCHESE**
Florida Bar Number: 061931
**HOLLY M. HAMILTON**
Florida Bar Number: 113307
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
*Counsel for Defendant Portofino at Jensen Beach, LLC*
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
T: (954) 847-4920; F: (954) 627-6640
ajmarchese@mdwcg.com;
mdlincoff@mdwcg.com;
hxhamilton@mdwcg.com;
kafriday@mdwcg.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **2nd day of March, 2022**, I e-mailed or mailed the foregoing document to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Thomas J. Patti, Esq.**
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
tom@jibraellaw.com
jibrael@jibraellaw.com

                                        */s/ Andrew J. Marchese*
                                        ANDREW J. MARCHESE

LEGAL/144592357.v1